UNITED STATES DISRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CASSANDRA JONES, individually &
on behalf of all similarly situated,

    Plaintiff(s),

v.

GOOD SHEPHERD HEALTHCARE
SOLUTIONS, INC.

    Defendant.
_____/

3:17-CV-411-DJH
Case Number _____

## Complaint & Jury Demand

1. The named Plaintiff, Cassandra Jones, on her own behalf and on behalf of all similarly situated, sues the Defendant, Good Shepherd Healthcare Solutions, Inc. pursuant to 29 U.S.C. § 216(b) for unpaid overtime in violation of 29 U.S.C. § 207(a).

2. Named Plaintiff resides in Louisville, Kentucky.

3. Defendant is a Kentucky corporation that operates for profit.

4. Defendant operates under the assumed name corporation BrightStar of Kentucky.

5. Defendant is a franchisee of BrightStar Care.

6. Defendant is in the business of home care.

7. The Home Care industry has sought to work low wage employees overtime without overtime pay.

8. In 2015 the U.S. Department of Labor brought the Home Care industry practice of working workers overtime without proper pay to an end.

9. At least, in 2015 aggrieved employees of this industry were afforded the right to seek redress pursuant to the Fair Labor Standards Act.

10. Defendant has employed in excess of 100 home care workers in Kentucky since 2015.

11. Defendant has annual gross revenues in excess of $500,000.00.

12. Defendant employs employees that handle goods or materials that have moved in interstate commerce such as computers, paper, pen, medicines, home cleaning supplies, vehicles and medical equipment.

13. Defendant is an enterprise as defined by 29 U.S.C. § 203(r).

14. Defendant is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s).

15. Defendant was Plaintiff(s)' employer as defined by 29 U.S.C. § 203(d).

16. Plaintiff(s) worked for Defendant.

17. Plaintiff(s) would go to the homes of Defendant's clients and help them with their needs, including cleaning and cooking for these medical patients.

18. Plaintiff(s) regularly worked over forty hours a week.

19. In fact, Plaintiff(s) worked over 90 hours in some weeks.

20. Named Plaintiff was not a unique employee for Defendant.

21. Defendant employed dozens of employees similarly situated to the named Plaintiff.

22. These employees had similar job duties.

23. They would take care of the day to day needs of medical patients that were clients of Defendant at their homes.

24. Defendant paid this class of employees, herein referred to as home healthcare aides, in the same manner.

25. Prior to 2015 Defendant was not concerned with the overtime provision of the FLSA.

26. In 2015 Defendant implemented a scheme to evade the payment of overtime.

27. Defendant's home healthcare aides were paid a predetermined hourly rate for all hours they worked regardless of whether those hours were under 40 or over 40.

28. Defendant contracted with ADP to issue paychecks to its home healthcare aides, the Plaintiff(s), on a weekly basis.

29. Defendant provided misleading information to ADP regarding Plaintiff(s).

30. On paychecks Defendant suggests that Plaintiff(s) were paid a different hourly rate each week for forty hours and something for overtime (it is "something" because there is no correlation between regular pay and overtime pay on the paychecks).

31. Significantly the sum hours of "regular" and "overtime" earnings multiplied by a constant hourly rate results in Plaintiff(s)' gross pay on the paychecks.

32. If "other" and "holiday" earnings are listed they would have to be added to the gross sum of "regular" and "overtime" earnings to obtain the gross pay on the paychecks.

33. The named Plaintiff was paid $10.00 per hour.

34. The named Plaintiff was paid this monetary amount for all hours worked regardless of whether the hours were under forty or over forty.

35. Defendant paid all Plaintiff(s) in the same manner.

36. Some Plaintiff(s) may have earned different hourly rates, but none were paid 150% of their regular rate of pay for overtime.

37. Defendant's policy was to pay the same hourly rate for all hours worked.

38. Defendant explained this to Plaintiff(s) by stating that their clients did not want to pay overtime.

39. In other words Defendant flouted the Fair Labor Standards Act after the U.S. Department of Labor made clear that Plaintiff(s) were entitled to overtime pay.

40. Defendant willfully violated the FLSA.

41. Plaintiff(s) consist of any of Defendant's employees that have worked over forty hours or more after the 2015 rule change without receiving time and half their regular rate of pay.

42. Defendant owes named Plaintiff unpaid overtime.

43. Defendant owes all of its home health aides unpaid overtime for the same reason that it owes unpaid overtime to the named Plaintiff.

44. The named Plaintiff consents to represent all similarly situated employees to recover unpaid overtime from Defendant since the 2015 rule change.

45. The Honorable Court has original jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

46. Venue is appropriate in Louisville, Kentucky because Defendant is headquartered in the city and some of the violations occurred in Jefferson County, Kentucky.

Wherefore, named Plaintiff demands trial by jury, facilitation of notice, final class certification, unpaid overtime, liquidated damages, judgment, attorneys' fees, costs and a declaration that Defendant's practice of disguising its pay on paychecks tolls the statute of limitations for all impacted employees.

Respectfully submitted this 11th day of July 2017,

/s/ *Bernard R. Mazaheri*
Bernard R. Mazaheri
Morgan & Morgan
333 W Vine St Ste 1200
Lexington, Kentucky 40507
Tel – (859)286-8368
Email – bmazaheri@forthepeople.com