UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| CASSANDRA JONES, | Plaintiff, |
| v. | Civil Action No. 3:17-cv-411-DJH |
| GOOD SHEPHERD HEALTHCARE SOLUTIONS, INC., | Defendant. |

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Cassandra Jones filed this action against Defendant Good Shepherd Healthcare Solutions, Inc., alleging violations of the Fair Labor Standards Act with respect to unpaid overtime. (D.N. 1) However, Jones concedes that her claims are within the scope of her arbitration agreement with Good Shepherd. (D.N. 12-2, PageID # 55; *see* D.N. 13, PageID # 72) The Court, at Good Shepherd's request, stayed the case pending resolution of three Supreme Court cases addressing the enforceability of arbitration agreements similar to the agreement between Jones and Good Shepherd. (D.N. 7) Once the stay was lifted, Good Shepherd asked the Court to dismiss this action, compel arbitration, and award it attorney fees and costs. (D.N. 12) Jones opposed the motions but later filed a notice of arbitrator appointment. (D.N. 13; D.N. 15) The Court then ordered the parties to file a joint report regarding the status of the arbitration. (D.N. 16) Unable to come to an agreement, the parties filed separate reports reiterating their respective positions on dismissal and fees but nonetheless advised the Court that a final arbitration date had been set. (D.N. 17; D.N. 18) For the following reasons, the Court will grant in part and deny in part Good Shepherd's motion.

1

I.  **BACKGROUND**

Cassandra Jones worked for Good Shepherd as a home healthcare aide, providing services such as dressing, feeding, transportation, and housekeeping to Good Shepherd's patients. (D.N. 12-1, PageID # 41) In 2015, Good Shepherd allegedly stopped paying its employees for overtime. (D.N. 1, PageID # 3) Thus, Jones initiated the present action seeking unpaid overtime for herself and her coworkers under the Fair Labor Standards Act. (D.N. 1)

When Jones began working for Good Shepherd, the parties entered into an arbitration agreement that encompasses her FLSA claims and contains a class action waiver. (D.N. 4, PageID # 11) When Jones filed her complaint, Sixth Circuit precedent held that such clauses were unenforceable. (D.N. 4, PageID # 14) Good Shepherd moved to stay the case because the issue of enforceability of class action waivers in arbitration agreements was then pending in three cases before the Supreme Court. (D.N. 4, PageID # 14) The Court granted Good Shepherd's motion. (D.N. 7) The Supreme Court ultimately held that such clauses are enforceable, and the Court lifted the stay in this action. (D.N. 10) *See Epic Systems Corp. v. Lewis*, 138 S.Ct. 1612, 1625 (2018).

Good Shepherd then moved to dismiss Jones's claims, compel arbitration, and award it attorney fees and costs. (D.N. 12) Jones opposed Good Shepherd's motion on the ground that Good Shepherd had not initiated arbitration, as she believed it was required to do under the arbitration agreement. (D.N. 13, PageID # 73) Yet Jones subsequently filed a notice of arbitrator appointment. (D.N. 15) Through separate reports, the parties have since advised the Court that arbitration is underway but restated their arguments with respect to Good Shepherd's motion to dismiss and request for fees. (D.N. 17; D.N. 18)

## II. MOTION TO COMPEL ARBITRATION

Good Shepherd asks the Court to compel arbitration. (D.N. 12-1, PageID # 39). But arbitration is already underway: the parties have selected an arbitrator and set a final arbitration date. (D.N. 15, PageID # 85; D.N. 18, PageID # 90). Accordingly, Good Shepherd's motion to compel arbitration will be denied as moot.

## III. MOTION TO DISMISS

Good Shepherd moves to dismiss Jones's claims because the parties entered into an arbitration agreement. (D.N. 12-1, PageID # 39) Generally, proceedings brought before the Court that are covered by valid arbitration agreements are stayed pending the arbitration. *See* 9 U.S.C.A. § 3. However, the Court has the authority to dismiss a suit pending arbitration if all of the claims are subject to arbitration. *Ozormoor v. T-Mobile USA, Inc.*, 354 F. App'x 972, 975 (6th Cir. 2009). In determining whether to stay or dismiss proceedings, the Court considers whether the parties agreed to arbitrate; the scope of the agreement; whether any federal, non-arbitrable claims have been asserted; and, if any of the claims are not subject to arbitration, whether to stay the remainder of the proceedings. *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000).

Here, the parties agreed to arbitrate, and Jones does not dispute the agreement's applicability to her claims or allege that the claims are not arbitrable. (D.N. 12-2, PageID # 55-7; D.N. 13, PageID # 72) In fact, the parties have already started the arbitration process and set a final arbitration date. (D.N. 15; D.N. 18, PageID # 90) Finally, arbitration will address all of Jones's claims. Thus, all of the factors outlined above weigh in favor of dismissing the action.

Jones contends, however, that the case should not be dismissed because the arbitration agreement is unenforceable under *Northern Kentucky Area Development District v. Snyder*, No. 2017-SC-000277-DG, 2018 WL 4628143 (Ky. Sept. 27, 2018). In *Snyder*, the Kentucky Supreme

Court held that, pursuant to Ky. Rev. Stat. § 336.700(2), arbitration agreements conditioning employment upon their execution are unenforceable. *Id.* at *5. The court explained that Ky. Rev. Stat. § 336.700(2) is not preempted by federal law because it does not impede arbitration agreements, but rather merely prohibits conditioning employment on execution of an arbitration agreement. *Id. Snyder*, though, is inapplicable here, as there is no evidence that Jones's employment with Good Shepherd was conditioned on the arbitration agreement. The arbitration agreement states that the mutual obligations contained within constitute the consideration for the agreement; it does not say that its execution is a condition precedent to Jones's employment. (D.N. 12-2, PageID # 57) Because the parties have an enforceable arbitration agreement that encompasses all of Jones's claims, dismissal is appropriate. *Stout*, 228 F.3d at 714.

## IV. MOTION FOR ATTORNEY FEES AND COSTS

Finally, Good Shepherd asks the Court to award it fees and costs incurred as a result of Jones filing this action. (D.N. 12-1, PageID # 49) Absent statutory authorization or contractual agreement between the parties, the prevailing American rule is that each party in federal litigation pays his own attorney fees and costs. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247, 263–64 (1975); *Children's Ctr. for Developmental Enrichment v. Machle*, 612 F.3d 518, 524 (6th Cir. 2010); *Shimman v. Int'l Union of Operating Engineers, Local 18,* 744 F.2d 1226, 1229 (6th Cir. 1984). One exception to this rule is that federal courts may award attorney fees to a prevailing party if the losing party acted in "bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline Co.*, 421 U.S. at 258-59. Bad faith may exist where a claim is deemed to be without merit. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 42, 421-22 (1978). The rationale behind this exception is punishment of the wrongdoer, not compensation of the victim. *Hall v. Cole*, 412 U.S. 1, 5 (1973).

4

The Court may also award costs and fees where a party has "unreasonably and vexatiously" multiplied the proceedings in a case. 28 U.S.C. § 1927. An "unreasonable and vexatious multiplication" occurs only where a party knows or reasonably should know that a claim is frivolous. *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986). To warrant sanctions under § 1927, "[t]here must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *In re Ruben*, 825 F.2d 977, 984 (6th Cir. 1987); *see also Bailey v. Papa John's USA, Inc.*, 236 F. App'x 200, 204 (6th Cir. 2007). Mere inadvertence or negligence by the attorney is insufficient. *Salkil v. Mount Sterling Twp. Police Dep't*, 458 F.3d 520, 531 (6th Cir. 2006) (citing *Ruben*, 825 F.2d at 984); *see also Stephens v. Freeman-McCown*, 198 F.3d 247 (6th Cir. 1999) (finding only negligence or inadvertence where plaintiff filed a meritless complaint that was dismissed after six months). In short, an award of attorney fees under § 1927 is "an extreme sanction and must be limited to truly egregious cases of misconduct." *Jones*, 789 F.2d at 1232.

Here, the record does not reflect that Jones acted in bad faith or unreasonably and vexatiously multiplied the proceedings. At the time she filed her suit, Jones's claims were not meritless: Sixth Circuit precedent favored the view that the arbitration agreement was not enforceable. *See Nat'l Labor Relations Board v. Alternative Entm't, Inc.*, 858 F.3d 393 (6th Cir. 2017). After the enforceability of the arbitration agreement became clear, Jones conceded the agreement's validity and only opposed Good Shepherd's motion to dismiss on the grounds that she believed it was Good Shepherd's duty to initiate arbitration and because she could not afford to do so herself; Jones feared that if arbitration did not materialize, her claims would then be barred due to the statute of limitations under the Fair Labor Standards Act. (D.N. 13, PageID # 73)

5

Although Good Shepherd contends that the arbitration agreement clearly states that Good Shepherd will pay for arbitration, Jones's interpretation was not unreasonable, and there is no evidence that her reading of the agreement was in bad faith. (D.N. 14, PageID # 81) Being incorrect is not, without more, unreasonable or an indicator of bad faith. *See United States v. Skeddle*, 45 F. App'x 443, 445 (6th Cir. 2002). Further, Jones's acknowledgment of the arbitration agreement's enforceability suggests that she lacked any intent to delay arbitration or multiply proceedings. (D.N. 14, PageID # 80) In sum, the Court finds that an award of attorney fees and costs is not warranted here.

V. CONCLUSION

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Good Shepherd's motion (D.N. 12) is **DENIED** in part and **GRANTED** in part. Jones's claims against Good Shepherd are **DISMISSED** without prejudice. Good Shepherd's requests for attorney fees and costs and to compel arbitration are **DENIED**.

(2) Within **fourteen (14) days** of entry of this Order, the parties shall file a joint report advising the Court of the status of the arbitration proceeding. Thereafter, the parties shall promptly inform the Court of the resolution of this matter and file an Agreed Order of Dismissal with Prejudice within **twenty-one (21) days** of resolution.

January 24, 2019

**David J. Hale, Judge**
**United States District Court**

6